**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES HAMILTON, | ) | NO. ED CV 14-2389-CJC(E) |
| Plaintiff, | ) | |
| v. | ) | ORDER RE CIVIL RIGHTS COMPLAINT |
| CLIFF ALLENBY, et al., | ) | |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff, a civil detainee allegedly confined at the Coalinga State Hospital pursuant to California's Sexually Violent Predators Act ("SVPA"), California Welfare and Institutions Code § 6600 et seq., brings this action pursuant to 42 U.S.C. section 1983. Defendants are: (1) Cliff Allenby, Director of the California Department of State Hospitals; (2) Audrey King, Executive Director of Coalinga State Hospital; (3) Tom Voss, former Executive Director of Coalinga State Hospital; (4) Pam Ahlin, former Executive Director of Coalinga State Hospital; and (5) Stephen Mayberg, former Director of the California

Department of Mental Health.  Plaintiff sues Defendants in their official capacities (Complaint, ¶ 9).

Plaintiff alleges that he presently is confined at the Coalinga State Hospital pursuant to an order of the San Bernardino Superior Court (id., ¶¶ 11-12).  Plaintiff alleges that the San Bernardino Superior Court ordered under the SVPA that Plaintiff be prohibited from taking part in outpatient treatment (id., ¶ 13).  Plaintiff alleges that Defendants continue to retain Plaintiff in custody despite supposedly knowing that Plaintiff will be subjected to excessively restrictive conditions and will be denied the benefits of outpatient treatment, assertedly on irrational grounds (id.). Defendants allegedly used a supposedly fraudulent assessment scheme to deem Plaintiff likely to commit a sexually violent offense if released to an outpatient program (id., ¶¶ 13-37).

Plaintiff alleges that the use of the assertedly irrational assessment scheme to deny Plaintiff outpatient treatment violates Due Process and Equal Protection (id., "Claim," pp. 9-10).  Plaintiff allegedly suffered emotional distress and a deprivation of the increased liberty he would have experienced in an outpatient setting (id., "Request for Relief," p. 11).  Plaintiff seeks relief in the form of a declaration that the assessment methodology the State uses under the SVPA to determine an individual's suitability for outpatient treatment is irrational in violation of Due Process (id.).  Plaintiff also seeks punitive damages (id.).

///

///

**DISCUSSION**

Plaintiff may not sue state officials for damages in their official capacities. The Eleventh Amendment bars suits in federal court for money damages against state officials in their official capacities. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ., 616 F.3d 963, 968 (9th Cir. 2010), cert. denied, 131 S. Ct. 1678 (2011).[1] Therefore, Plaintiff's punitive damages claims against Defendants in their official capacities must be dismissed without leave to amend and with prejudice.

Plaintiff appears to allege that his SVPA confinement is due to an asserted order of the San Bernardino Superior Court prohibiting Plaintiff from taking part in outpatient treatment. Although it is unclear whether Plaintiff challenges a state court judgment, to the extent Plaintiff does so this Court lacks subject matter jurisdiction over any such challenge. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also Exxon Mobil Corp. v. Saudi Basic Industries, Inc., 544 U.S. 280, 284 (2005) ("Rooker-Feldman" doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

[1] The Eleventh Amendment does not bar suit against state officials in their official capacities for prospective declaratory or injunctive relief regarding unconstitutional state action. See Will v. Michigan Dept. of State Police, 491 U.S. at 71 n.10; Ex Parte Young, 209 U.S. 123, 159-60 (1908); Assoc. des Eleveurs de Canards et d'Oies due Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013), cert. denied, 135 S. Ct. 398 (2014).

3

commenced and inviting district court review and rejection of those judgments"); Smith v. Hoshino, 2011 WL 5241164, at *4 (E.D. Cal. Nov. 1, 2011) (Rooker-Feldman doctrine barred challenge to allegedly flawed assessment which resulted in state court's judgment that plaintiff was a danger to the public under the SVPA).

Finally, it appears venue may be improper. Although Plaintiff contends he is confined pursuant to an order of the San Bernardino Superior Court, Plaintiff's claims apparently concern Defendants' alleged actions in assessing Plaintiff at the Coalinga State Hospital. A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. See 28 U.S.C. § 1391(b).

Plaintiff does not allege that any Defendant is a resident of this District. The Coalinga State Hospital is located in Fresno County in the Eastern District of California. See Russ v. Ahlin, 2011 WL 4048776, at *4 (E.D. Cal. Sept. 9, 2011); 28 U.S.C. § 84(b). It appears that a substantial part of the alleged actions or omissions of which Plaintiff complains may have occurred at the Coalinga State Hospital.
///

In the interest of justice, a court in a district in which venue is improper may transfer the action to a district where the action might have been brought. See 28 U.S.C. § 1406(a); see also 28 U.S.C. § 1404(a) (even if venue is proper, a court may transfer the action "[f]or the convenience of parties or witnesses"). A court may transfer the action sua sponte before a responsive pleading is filed. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

**ORDER**

1. Plaintiff's official capacity claims for punitive damages are dismissed without leave to amend and with prejudice.

2. The Complaint otherwise is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself, and shall not refer in any manner to any prior complaint or to any other document. The First Amended Complaint may not contain any claim dismissed without leave to amend in this Order. Failure to file timely a First Amended Complaint in conformity with this Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal

1 without leave to amend where plaintiff failed to correct deficiencies
2 in complaint, where court had afforded plaintiff opportunities to do
3 so, and where court had given plaintiff notice of the substantive
4 problems with his claims); Plumeau v. School District #40, County of
5 Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend
6 appropriate where further amendment would be futile).

    3.  Within thirty (30) days of the date of this Order, Plaintiff must file a separate writing attempting to show cause, if any there be, why the action should not be transferred to the United States District Court for the Eastern District of California.  Failure to do so may be deemed consent to the transfer.

    IT IS SO ORDERED.

    Dated: December 2, 2014

                            _____
                                    CORMAC J. CARNEY
                            UNITED STATES DISTRICT JUDGE

Presented this 1st
day of December, 2014 by:


_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE